**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MARCIAL DE JESUS SAUREZ,

Petitioner,

v. No. 1:26-cv-02159-KG-GBW

MARKWAYNE MULLIN, *Secretary,*
*U.S. Department of Homeland Security; et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Marcial de Jesus Saurez's Motion for Immediate Release ("Motion"), Doc. 15, and Motion for Extension of Time, Doc. 14. For the reasons below, the Court construes the Motion for Extension of Time as a Notice of Supplemental Information and denies the Motion for Immediate Release.

***I. Background***

Petitioner is a native and citizen of Nicaragua who entered the United States on May 22, 2024. Doc. 1 at 6, 16. After Petitioner was released by U.S. Immigration and Customs Enforcement ("ICE"), Petitioner lived for more than a year in Livingston, New Jersey. *Id.* at 6. On April 29, 2026, Petitioner was arrested by ICE in Buffalo, New York. *Id.* at 2, 6. Petitioner remains in immigration custody and is currently detained at the Cibola County Correctional Center in Milan, New Mexico. *Id.* at 6.

On July 2, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus ("Petition") seeking immediate release, or, in the alternative, an individualized bond hearing. *See id.* The Court granted Petition and ordered the Government to "provide Petitioner with a bond hearing

where Petitioner bears the burden of proving by a preponderance of the evidence that conditions of release would adequately address any risk of flight or danger to the community." Doc. 11.

On August 14, 2026, Petitioner received his Court-ordered bond hearing. Doc. 13-1 at 1–2. Following the hearing, the Immigration Judge ("IJ") found Petitioner to be a flight risk and denied bond. *Id.* at 1. The written order stated: "[Petitioner] entered the US without inspection in May of 2024. [Petitioner] was found to be a flight risk by the court due to his lack of US ties, no identified sponsor, and manner of entry." *Id.*

On September 4, 2026, Petitioner filed a Motion for Immediate Release. Doc. 15. Petitioner's Motion again seeks immediate release and contends his continued detention violates the Due Process Clause of the Fifth Amendment. *Id.* at 6–7. Petitioner also states the IJ denied bond because he "did not present letters of recommendation or a sponsor" and because his sister—who lives in the United States—incorrectly stated on his asylum application that she lives in Bluefields, Nicaragua[.]" *Id.* at 1. The Government did not respond to the Motion.

## *II. Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 677–78, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to noncitizens who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted[.]" This

"provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *1 (D.N.M. Nov. 14, 2025). By contrast, § 1226(a) authorizes the arrest and detention of noncitizens "[o]n a warrant issued by the Attorney General . . . pending a decision on whether [they are] to be removed[.]" Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

Federal courts lack jurisdiction to review an immigration judge's discretionary decision to deny bond:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). As the Supreme Court has repeatedly explained, § 1226(e) operates as a jurisdictional bar precluding noncitizens from "challeng[ing] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [their] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (internal quotation marks omitted) (quoting *Demore v. Kim*, 538 U.S. 510, 516 (2003); *see also Nielson v. Preap*, 586, U.S. 392, 961 (2019) ("[T]his limitation [under § 1226(e)] applies to . . . discretionary decisions" and prohibits review of whether "the Government exercised its statutory authority in an unreasonable fashion."). Absent a constitutional claim or some other question of law, the Court does not have federal habeas jurisdiction to review a specific custody determination. *Olmos v. Holder*, 780 F.3d 1313, 1316 (10th Cir. 2015).

## *III. Analysis*

The Court concludes it lacks jurisdiction to review the IJ's discretionary custody determination under § 1226(e) and declines to grant relief because Petitioner received the

individualized bond hearing to which he was entitled. *See* Doc. 13-1 at 1–2. At that hearing, the IJ found that Petitioner failed to carry his burden to demonstrate he is not a flight risk. *Id.* at 1. Because nothing in the record demonstrates the hearing was otherwise unconstitutional, the IJ's findings are not subject to review by this Court. The hearing therefore satisfies this Court's prior Order. *See* Doc. 11.

### *IV. Conclusion*

For the reasons above, Court denies Motion for Immediate Release, Doc. 15, with prejudice.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.